Molenda L. McCarty
County Litigation Group
2715 Skyway Drive
PO Box 6697
Helena, MT 59604-6697
 (406) 441-5471
mmccarty@mtcounties.org
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| SILAS CORPRON, | ) | Cause No.: CV 23-31-H-SEH |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANTS' ANSWER TO |
| v. | ) | AMENDED COMPLAINT FOR |
| | ) | VIOLATION OF CIVIL RIGHTS |
| C.O. ZACK BLAIR AND C.O. WILKE, | ) | AND DEMAND FOR JURY TRIAL |
| | ) | |
| Defendants. | ) | |

Defendants Detention Officer Zachary Blair and Detention Officer Logan Wilcke (Defendants), through their counsel of record, respond to Plaintiff's Amended Complaint as follows:

Defendants deny that they verbally and physically assaulted Corpron because he is Native American. On March 3, 2023, Officer Blair was working as a Direct Supervision Officer at the Lewis & Clark County Detention Center. Officer Blair and Officer Wilcke approached Pod 3, where Corpron was housed, to serve him with a minor infraction write up for calling Officer Wilcke names and "donkey kicking"

the door throughout the night. Upon being served the write up and being told that he would receive two days of lockdown in his assigned cell, Corpron made a small lunge motion and stepped toward Officer Wilcke, in what Officer Blair perceived to be an intimidation tactic by Corpron.

Officer Blair informed Corpron he was being placed on lockdown. Officer Blair instructed Corpron to sit on his bunk. Corpron refused and puffed up his chest and raised his chin toward Officer Blair and began to take a couple of small steps toward Officer Blair. Officer Blair held his hand out and put it on Corpron's chest to prevent him from coming closer. Officer Blair began to push Corpron toward his bunk and Corpron began to push back. Officer Blair ordered Corpron to face the cell wall and place his hands behind his back. Eventually, Corpron complied and faced the cell wall. Officer Blair placed handcuffs on Corpron.

Officer Blair informed Corpron that once he was released from the handcuffs, he was to get on his bunk to be locked down. Officer Blair instructed Corpron to get on his knees so he could take the handcuffs off in a safe manner. Corpron refused to get on his knees. Officer Blair again instructed him to get on his knees and informed him that if he did not comply that Officer Blair would place him on his knees. Again, Corpron refused to get on his knees. Officer Blair utilized a leg sweep takedown technique to take Corpron to the ground. Corpron was then released from the handcuffs and Officer Blair instructed him to get on his bunk. Officer Blair and

Officer Wilcke left the cell and locked Corpron in his cell before leaving the block.

Defendants deny that they made comments regarding Corpron's "racially inferior skin color" and that "natives need to learn there [sic] place" during the interaction. Review of the body worn camera footage from the entire event reveals that no comments about race were made during the interaction.

Defendants deny that the violated Mont. Code Ann. §§ 45-5-203, -204.

Any allegation not specifically admitted, qualified, or denied above denied.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's injuries, if any, were caused by his own negligence and recover is barred or diminished in accordance with percentage of negligence pursuant to Mont. Code Ann. § 27-1-702.

### Third Affirmative Defense

Defendants are entitled to immunity for their acts and omissions alleged in Plaintiff Complaint.

### Fourth Affirmative Defense

Damages, if any, are limited or barred as set forth in Montana Code Annotated §§ 2-9-105, 2-9-108, 2-9-305, 2-9-314, and 2-9-317.

## Fifth Affirmative Defense

Plaintiff failed to exhaust administrative remedies and is therefore barred from proceeding in this forum.

## Sixth Affirmative Defense

Defendants are entitled to civil damages immunity for injury or damages caused by legal use of force. Mont. Code Ann. § 27-1-722.

## Applicability of Affirmative Defenses

Defendants reserve the right to amend their Answer to add additional affirmative defenses that become known through the course of discovery.

Defendants assert the foregoing affirmative defenses based upon information and belief that they are or may be applicable to the present claim being presented by the Plaintiff. In the event the affirmative defenses are not legally or factually warranted, any such inapplicable affirmative defenses will not be pursued. Likewise, any additional affirmative defenses which become known through the course of discovery will be asserted.

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff takes nothing by way of his Complaint and that it be dismissed with prejudice;

2. For costs and attorney fees incurred in the defense of this matter; and

3. For such other and further relief as the Court deems appropriate.

DATED this 13th day of October 2023.

County Litigation Group

*/s/ Molenda L. McCarty*
Molenda L. McCarty

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury of all issues so triable.

DATED this 13th day of October 2023.

County Litigation Group

*/s/ Molenda L. McCarty*
Molenda L. McCarty

## CERTIFICATE OF SERVICE

I certify that on the 13th day of October 2023, a true and correct copy of the foregoing *Defendants' Answer to Amended Complaint for Violation of Civil Rights* was sent to all counsel of record by the following means:

| Silas Corpron, *pro se* <br> DOC ID# 2054246 <br> 700 Conley Lake Rd. <br> Deer Lodge, MT 59722 | [X] U.S. Mail, postage prepaid <br> [ ] Overnight Delivery <br> [ ] Hand Delivery <br> [ ] Email |
|---|---|

                                  */s/ Shayla Danielson*
                                  Shayla Danielson