IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SILAS CORPRON, <br><br> Plaintiff, <br><br> vs. <br><br> C.O. ZACK BLAIR, C.O. WILKIE, <br><br> Defendants. | CV 23-31-H-BMM <br><br><br> SCHEDULING ORDER |

Defendants having filed an Answer to the Complaint (Doc. 9), it is appropriate to set a schedule for the disposition of Plaintiff's claims.

## I. DISCOVERY

### A. Disclosure Statement

Within 60 days of the date of this Order, each party must file a statement that is no longer than 15 pages and that sets forth the following information:

1. a brief factual outline of the case;
2. the basis for federal jurisdiction and for venue in the Division;
3. the factual basis of each claim or defense advanced by the party;

1

4. the legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority;
5. a computation of damages;
6. the pendency or disposition of any related state or federal litigation, including the court in which the proceeding was filed, the caption of the case, and the court number;
7. proposed stipulations of fact;
8. identification of controlling issues of law suitable for pretrial disposition;
9. the name of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses and a summary of that information; and
10. the status of any settlement discussions and prospects for compromise of the case.

**B. Documents, Tangible Things, and Recordings.** Within 60 days of the date of this Order:

**1. Plaintiff** shall serve Defendants copies of any of the following that are within his possession, custody, or control (these documents should not be filed with the Court):

a. All documents, electronically stored information, and tangible things that may be used in proving or denying any party's claims or defenses; and

b. Correspondence, grievances, grievance appeals, and other documents relating to requests for administrative remedies or the inability or failure to exhaust such remedies on all issues raised in the Complaint.

**2. Defendants** shall serve Plaintiff copies of any of the following that are within the possession, custody, or control of Defendants (these documents should not be filed with the Court):

2

     a.     All documents, electronically stored information, and tangible things that may be used in proving or denying any party's claims or defenses;

     b.     Correspondence, grievances, grievance appeals, and other documents relating to requests for administrative remedies or the inability or failure to exhaust such remedies on all issues raised in the Complaint;

     c.     Reports of completed investigations by Defendant or others that may be used in proving or denying any party's claims or defenses; and

     d.     Medical records related to the injuries alleged in the Complaint from the alleged onset date to the date of the filing of the Complaint.

If Plaintiff is incarcerated at the time of Defendants' document productions, discovery must be produced in hard copy so that it is permissible within the institution where he is incarcerated. Defendants should make arrangements for Plaintiff to view/listen to any audio/visual discovery that may not be permitted into the institution where he is incarcerated.

     **3. Privilege Log.** If any document, or any portion thereof, otherwise required to be disclosed is withheld for any reason, the withholding party shall: (a) serve a log in conformity with Fed.R.Civ.P. 26(b)(5) identifying any withheld document and the grounds upon which it has been withheld; and/or (b) file a motion for protective order pursuant to Fed.R.Civ.P. 26(c).

     **4. Continuing Duty.** The parties have a continuing duty under Fed.R.Civ.P. 26(e) to disclose to opposing parties any documents and information

within the scope of this Order that are discovered or obtained after any initial disclosures under this Order are made.

**5. Medical and Mental Health Records.** If the documents that Defendants are required to produce in paragraph I(B)(2) above include Plaintiff's "protected health information" within the scope of the Federal Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191 ("HIPAA") and 45 C.F.R. §§ 160.103 and 164.512(e)(1)(i), the custodians of such medical records are hereby authorized to release "protected health information" and "protected mental health information" without an authorization from Plaintiff. Defendants may use such documents in the defense of this action.

**C. Plaintiff's Deposition.** If Plaintiff is incarcerated, Defendants are granted leave to take his deposition pursuant to Fed.R.Civ.P. 30(a)(2)(B), subject to paragraph D below. Defense counsel shall provide Plaintiff with notice of the time and place of the deposition and such notice shall be deemed sufficient if mailed to Plaintiff at least 15 days prior to the scheduled date for the deposition. The deposition may not commence until at least 15 days after defense counsel has complied with the discovery mandated in paragraphs I(A) and I(B) above. Plaintiff shall take notice that disagreement with any directive of security staff at the correctional facility at which the deposition is scheduled is not a ground on which he may refuse to answer appropriate questions. The failure of the Plaintiff to

attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed.R.Civ.P. 37. Objections made in good faith in accordance with governing rules are not prohibited.

**D. Timing of Discovery.** No party may serve written discovery requests or take any depositions until they have filed their disclosure statement required in paragraph A above and provided their disclosures required in paragraphs B(1) and (2) above.

**E. Written Discovery Requests.** Unless otherwise stipulated or ordered by the Court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts; no more than 25 written requests for production of documents, electronically stored information, and tangible things; and no more than 25 written requests for admissions.

**F. Filing of Discovery Prohibited.** Pursuant to Local Rule 26.2(a), documents produced in discovery (including those discussed above in paragraphs B(1) and B(2) above) and discovery requests are not to be filed with the Court unless they are relied upon as an exhibit to a motion.

**G. Discovery Motions.** The Court will not consider motions to compel or other discovery disputes unless the moving party complies with Fed.R.Civ.P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action.") and D. Mont. L.R. 26.3(c) ("The Court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed.").

## II. SCHEDULE

A. The following schedule shall apply to all further proceedings and will not be modified except by leave of the Court upon a showing of good cause and only if a request is made before the expiration of the deadline at issue. *See* Fed.R.Civ.P. 6(b). The parties must consider and plan in advance for predictable schedule changes or demands on their time, such as other deadlines, trials, or hearings, relocation to another facility, or infrequent or interrupted access to legal materials.

    1. All motions to amend the pleadings must be served on or before **January 19, 2024**. *See* Local Rule 15.1 ("When a party moves for leave to amend or supplement a pleading, the proposed pleading must be attached to the motion as an exhibit."). No amendments will be allowed after this date without a showing of good cause and with leave of Court. *See* Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

    2. All discovery requests shall be served by **February 16, 2024**.

    3. All expert witnesses must be disclosed in compliance with Fed.R.Civ.P. 26(a)(2) on or before **February 16, 2024**.

4. Discovery responses shall be served and all discovery completed by **March 19, 2024**. A duty to supplement discovery beyond the deadline may be imposed by Fed.R.Civ.P. 26(e).

5. If Plaintiff desires to have the Court serve a subpoena pursuant to 28 U.S.C. § 1915(d), he must first file a motion providing justification for each subpoena to be issued and served, submit a proposed subpoena to the Court in final form, and obtain an Order from this Court approving issuance and service of the subpoena.

6. All pretrial motions with supporting briefs shall be filed and served on or before **April 19, 2024**. Briefing shall be in accordance with Rule 7 of the Local Rules of the United States District Court for the District of Montana. Rule 7 provides that responses to motions to dismiss, for judgment on the pleadings, or for summary judgment must be filed within 21 days after the motion was filed, and responses to all other motions must be filed within 14 days after the motion was filed. L.R. 7.1(d)(1).

With the service copy of each motion, Defendants must provide Plaintiff with a copy of the Court's Notice of Electronic Filing, so Plaintiff is aware of the actual filing date for each motion. Plaintiff will be allowed an additional three days for mailing to be counted after the time period expires to file his response.

7. If no dispositive motions are filed on or before the motion deadline, defense counsel must assume responsibility for convening a conference of all parties for the purpose of preparing a Proposed Final Pretrial Order. Counsel shall ensure that the parties accomplish all tasks set forth in the Attachment to this Order on or before **May 17, 2024**. A Final Pretrial Conference and trial date will then be set by further Order of the Court.

B. With Plaintiff's service copy of this Order, the Clerk of Court shall mail him a copy of Rules 26-37, 45, and 56 of the Federal Rules of Civil Procedure; Rules 7, 15, 16, 26, 56, and 73 of the District of Montana's Local Rules of Procedure; and Local Rules Forms A, D, E, F, and I, Local Rules Appendix C.

C. **Unless Defendants objects within seven days of the date of this Order**, Plaintiff need not serve on Defendants' counsel the materials he files with this Court because Defendants' counsel will be served via the electronic filing system. Plaintiff must, however, serve all discovery requests and other documents not filed with the Court upon counsel by first-class mail. Defendants must serve on Plaintiff a complete copy of everything submitted to the Court.

D. At all times during the pendency of this action, Plaintiff must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the

dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 19th day of October, 2023.

_____
Brian Morris, Chief District Judge
United States District Court