IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SILAS CORPRON,<br><br>Plaintiff,<br><br>vs.<br><br>DETENTION OFFICER ZACHARY BLAIR and DETENTION OFFICER LOGAN WILCKE,<br><br>Defendants. | CV 23-31-H-BMM<br><br><br>ORDER |

Pending before the Court are Plaintiff Silas Corpron's motion to compel discovery (Doc. 25), motion re: Bragg Affidavit (Doc. 28), motion for sanctions (Doc. 32), and motion for an extension (Doc. 33.) The Court rules as follows.

**I. MOTIONS TO COMPEL**

Corpron's motion to compel and motion for sanctions both deal with the same issue. (Docs. 25 and 32.) Briefly, Corpron alleges in his Amended Complaint that Defendants Wilcke and Blair assaulted him in his cell at Lewis and Clark County Detention Center. (Doc. 9 at 4 – 5.) In discovery, Corpron sought various video recordings, both from the officers' body cameras, and from the pod

1

surveillance cameras. (Doc. 25 at 2.) Defendants provided the pod footage and the footage from Defendant Wilcke's camera, but claimed not to possess footage from the body cameras of Defendant Blair, and another, non-party detention officer, Richard Abbott. (Doc. 25 at 2 – 3.) Corpron sought an order compelling production of this evidence. *Id.*

Defendants initially responded by providing the Affidavit of Captain Bradley Bragg, in which he states that the body camera footage from Officers Blair and Abbott was automatically deleted from the facility's Evidence Library system. (Doc. 29.) In order to be preserved beyond the automatic deletion period of 90 days, a file must be "placed into a specific case file." (Doc. 29 at 2.) The footage from these officers was not placed into case files and thus is not available to Defendants or Plaintiff. *Id.*

Before the Court ruled on Corpron's motion to compel, he filed another regarding the same issue, this time requesting sanctions. (Doc. 32.) In his second motion, Corpron interprets Defendants' position that the evidence was not retained as proof that Defendants willfully destroyed the evidence and, possibly, did not investigate the assault alleged in Corpron's Amended Complaint. (Doc. 32 at 2.) Corpron claims that he reported the March 3, 2023, assault via the Detention Center's inmate correspondence mechanism (the Turnkey kiosk). (Doc. 32 at 2.) Defendant Blair filed a use of force report, and his body camera footage was

uploaded to the Evidence Library. *Id.* Corpron's initial Complaint was filed on May 15, 2023, though Defendants were not served until August, 2023. Corpron relies on these facts to claim that Defendants knew about possible litigation and had a duty to preserve the electronic evidence. Corpron's second motion seeks sanctions for spoliation, because Defendants were on notice of potential litigation and did not preserve evidence. Fed. R. Civ. P. 37(e).

Defendants respond, first, that Plaintiff did not confer with them before filing his discovery motion. (Doc. 35 at 4.) Second, the named Defendants did not and do not have control over the evidence and thus could not have spoliated it. (Doc. 35 at 4-8.) Third, sanctions are inappropriate because the loss of the video occurred without intent. (Doc. 35 at 8-9.) Finally, Defendants point out that discovery is closed, in response to Corpron's assertion that he has obtained counsel who will seek an extension of deadlines.

**A. Legal Standard**

"Spoliation of evidence is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Bel Air Mart v. Arnold Cleaners, Inc.,* 2014 WL 763185 *3 (E.D. Cal. Feb. 21, 2014) (*quoting Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009)). "The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when

a party reasonably should know that the evidence may be relevant to anticipated litigation." *Bel Air Mart*, 2014 WL 763185 *3 (*quoting World Courier v. Barone,* 2007 WL 1119196 (N.D. Cal. Apr. 16, 2007)).

Where a party to subsequent litigation loses or destroys evidence before litigation commences, the court may impose spoliation sanctions pursuant to its inherent authority. *See Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006); *Unigard Security Ins. Co. v. Lakewood Engineering & Manufacturing Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). This inherent authority gives the Court "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Unigard Security Ins. Co.*, 982 F.2d at 368. "The moving party has the burden of demonstrating sanctionable conduct and prejudice." *Bel Air Mart*, 2014 WL 763185 *4 (*quoting Rev 973 LLC v. Mouren-Laurens,* 2009 WL 273205 *1 (C.D. Cal. 2009). To support a finding that spoliation has taken place, "the evidence destroyed must be relevant or 'material evidence.'" *Lavell Enterprises, Inc. v. American Credit Card Processing Corp.*, 2007 WL 4374914 *11 (D. Mont. Dec. 11, 2007) (*citing Silvestri v. General Motors Corp.*, 271 F.3d 583, 592 (4th Cir. 2001)). "Absent a finding that the destroyed evidence was relevant or material, a sanction for spoliation cannot be imposed." *Lavell*, 2007 WL 4374914 *11. In addition, "[t]o be actionable, the spoliation of evidence must damage the right of a party to bring an action."

*Ingham v. United States*, 167 F.3d 1240, 1246 (9th Cir. 1999).

"The court may impose a range of sanctions for spoliation of evidence depending on the culpability of the party responsible for its destruction and the prejudice caused to the opposing party." *Maxim v. FP Holdings, LP*, 2014 WL 200545 *2 (D. Nev. Jan. 2, 2014). Corpron seeks the entry of judgment against Defendants. (Doc. 32 at 5.)

Drawing from *Leon* and *Halaco Engineering Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988), the following factors are to be considered before a dispositive sanction can be imposed for the spoliation of evidence (1) the presence of extraordinary circumstances; (2) willfulness, bad faith, or fault by the offending party; (3) the relationship between the misconduct and the matters in controversy; (4) the risk of prejudice to the party seeking sanctions; (5) the public policy favoring disposition of cases on their merits, and; (6) the efficacy and availability of lesser sanctions. *Peschel v. City of Missoula*, 664 F. Supp.2d 1137, 1142 (D. Mont. 2009).

**B.  Analysis**

Defendants are correct that both Fed. R. Civ. P. 37(a)(1) and L.R. 26.3(c)(1) require consultation before filing a discovery motion. Ordinarily, Corpron's motions would be denied on that ground alone. In this instance, however, Defendants cannot credibly claim that they would have provided the information to

5

Corpron after he filed his first motion, if only he had contacted them. Defendants' position is that they do not have the evidence. This position cannot be compromised through discussion and cooperation. By the time Corpron filed his second motion, Defendants were aware of what he wanted and were not able to give it to him. Corpron's failure to consult will be overlooked.

Defendants' second argument proves harder for Corpron to overcome. Defendants quote the Court's formulation in *Webster v. Psych. Med. Care, LLC*, 386 Fed.Supp.3d 1358, 1362 (D. Mont. 2019), in which the obligation falls on "the party having control over the evidence." (Doc. 35 at 5.)  The implications is that, if the Defendants had no control over the deletion of the files, then they cannot be obliged to preserve them. Defendants lean more heavily on the Court's *Webster* language than it can bear. The duty to preserve falls on the party. In the usual course of cases that discuss this issue, a corporate or other overarching entity exists that has the policy that resulted in spoliation.

Here, the policy belongs to Lewis and Clark County or whoever set up the evidence system to automatically delete after 90 days. It remains unclear whether the fact that Defendants could not, themselves, delete the evidence necessarily absolves them of the obligation to preserve it. That is, any defendant may not know exactly how to preserve their electronic data in a work context; certainly Defendant Blair is unlikely to know or be able to alter the evidence system's automatic

deletion system. In this instance, however, it appears that Defendant Blair had only to attach his tape to a "case" in order to preserve it. Defendants do not explain whether Defendant Blair has that capacity, but if he does, then preservation fell within his control. And even if Defendant Blair lacked that capacity, he no doubt could have requested the preservation from someone who did. The fact that Defendant Blair was not personally in control of the electronic evidence system is not decisive.

     The next question, then, is did Defendant Blair (and non-party Abbott) have the duty to preserve the evidence? "Although the Ninth Circuit has not precisely defined when the duty to preserve is triggered, trial courts in this Circuit generally agree that, as soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 990–91 (N.D. Cal. 2012). Two angles exist from which to view the duty. On the one hand, given the litigiousness of some inmates, one might assume that an event that involved filing a use of force report might very well end in litigation. Or, if Defendant Blair really did assault Corpron as Corpron alleges, Defendant Blair certainly would have reason to believe that the incident would result in litigation. On the other hand, Defendants' point that they lacked access to or knowledge of Corpron's grievances weighs in their favor. If they did not have a reasonable expectation of litigation on

the day of the event, there was nothing until they were served several months later that would have alerted them.

The Court concludes that Defendant Blair, when he filed the use of force report, had a reason to believe that the video might be needed for litigation. As such, Defendant Blair had an obligation to connect it to a case, or to take some other affirmative action to preserve the video.

The next step, then, is to determine the proper sanction. "In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 993 (N.D. Cal. 2012) (citing *Phoceene Sous–Marine, S.A. v. U.S. Phosmarine, Inc.,* 682 F.2d 802, 806 (9th Cir.1982). In this instance, the video may well have proved either party's case, either demonstrating an unconstitutional use of force, or showing that Defendants used only the proper force allowed by the law.

Before imposing a drastic sanction like entry of default, such as Corpron seeks, the court must find that the spoliating party acted with "willfulness, fault or bad faith." *Leon*, 464 F.3d at 958. The Court must choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim." *Schmid,* 13 F.3d at 79. "Certainly, an adverse inference instruction is a "lesser" sanction than dismissal or default. That it is a

comparatively less severe sanction, however, does not mean it should be imposed casually." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 993–94 (N.D. Cal. 2012).

No evidence of willfulness, fault, or bad faith has been presented, though the absence of evidence is not proof of the absence. Defendant Blair filed a use of force report and uploaded his video. Defendant Blair very well may have assumed someone else had the obligation to attach the video to a "case," such that it would be preserved. Presumably, whoever reviews those reports also would have had an opportunity to do something to preserve the video, and it is likely that that person is, in fact, more culpable for any loss of evidence. Whoever that person might be is not a party to this suit, and thus, sanctions are pointless as to them (or Abbott, for that matter).

The appropriate sanction in this circumstance, if Corpron were represented by counsel as he claims, would be to extend the discovery deadline and arrange a deposition of Defendant Blair at Defendants' expense. The video would have been the least expensive way for Corpron to prove his case, if he has one. The loss of the video at the hands of Defendants, even if not particularly culpable hands, would incur for them the financial obligation of providing the next best evidence, the testimony of Defendant Blair.

Corpron, though, is not represented by counsel but instead continues *pro se*. Despite Corpron's claim that he has retained representation, no attorney has appeared on the record to represent Corpron. In light of Corpron's *pro se* status and the circumstances recited above, the appropriate sanction is an adverse inference instruction. *See Peschel*, 664 F. Supp.2d at 1142.

Corpron also sought fees in association with his motion. The request will be denied. Corpron has incurred only de minimis expenses, such as the cost of paper and postage.

### II. MOTION RE: BRAGG AFFIDAVIT (DOC. 28)

Corpron moved for the correction of Captain Bragg's affidavit, which was originally filed with a page missing. Defendants complied. The motion will be denied as moot.

### III.   MOTION FOR AN EXTENSION (DOC. 33.)

Corpron moved for an extension of time to file his pretrial statement but then filed one anyway. The motion will be denied as moot.

Accordingly, it is **HEREBY ORDERED**:

1. Corpron's motion to compel and motion for sanctions are GRANTED, as described above. (Docs. 25 and 32.) The Court shall at trial instruct the jury that it may infer that the spoiled or destroyed evidence described in this Order would have been unfavorable to Defendants.

2. Corpron's other motions are DENIED as moot. (Docs. 28 and 33.)

3. At all times, Corpron must update the Court with any change of address.

DATED this 20th day of June, 2024.

_____
Brian Morris, Chief District Judge
United States District Court